### JOHNSON v. STATE MUT. LIFE ASSUR. CO. OF WORCESTER, MASS.

#### No. 7222.

United States District Court
E. D. Michigan, S. D.
Oct. 26, 1948.

Elmer H. Groefsema, Milton A. Behrendt, and Margaret Groefsema, all of Detroit, Mich., for plaintiff.

Fischer, Brown, Sprague, Franklin & Ford, of Detroit, Mich., for defendant.

LEDERLE, Chief Judge.

This diversity of citizenship case involves a claim by plaintiff-insured against defendant-insurer for $7,200.00 in accrued disability benefits under three life and disability policies issued by defendant to plaintiff, to which was added a count for declaratory judgment. These policies provided for monetary benefits in event that prior to reaching the age of 60 the insured became wholly, continuously and permanently disabled so as to be unable to perform any work, mental or manual, or to engage in any occupation or business for compensation, remuneration or profit. Plaintiff became 60 on December 1, 1946, and claimed that he had become so disabled prior thereto. At the close of plaintiff's evidence, defendant moved for a directed verdict of no cause of action, on which decision was reserved. Defendant elected to stand on the record as made. There appearing to be only one issue, the case was submitted to the jury for a special verdict under Rule 49. The special question was:

"Has plaintiff, William Ball Johnson, proved by a preponderance of the evidence that prior to December 1, 1946, he was wholly, continuously and permanently unable to perform any work, mental or manual, or to engage in any occupation or business for compensation, remuneration or profit?"

To this the jury returned a negative answer.

It thus appearing that plaintiff did not become wholly, continuously and permanently disabled within the terms of said policies prior to reaching the age of 60, he is entitled to no recovery against defendant.

Accordingly, it is Ordered and Adjudged that plaintiff recover nothing on his claim for damages contained in Count I of his complaint, as amended.

It is Further Ordered and Adjudged that plaintiff is entitled to no relief by way of declaratory judgment, as prayed in Count II of his complaint, as amended, relating to the sole issue as hereinabove adjudicated, and as to the other prayers of Count II, relating to the validity and vitality of the policies, there was no controversy requiring any determination. Accordingly, Count II of the complaint, as amended, is hereby dismissed.